IN THE UNITED STATES DISTRICT COURT
EASTER DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS UNION LOCAL 655 FOOD EMPLOYERS JOINT PENSION PLAN, DAVID COOK, GARRY TORPEA, NANCY-PARKER STETTNISCH, LEVI EDDINS, DON SCHAPER, DAVID BELL, NANCY MEYER and TRACY MCDONALD, in their representative capacities as trustees of the United Food and Commercial Workers Union Local 655 Food Employers Joint Pension Plan, <br><br> Plaintiffs, <br><br> vs. <br><br> HIGHLAND DIVERSIFIED, INC. d/b/a QUEENS MARKETS, a Missouri corporation, **Hold Service** <br><br> and <br><br> R.R. QUEEN PROPERTIES, LLC, a Missouri limited liability company, **Hold Service** <br><br> and <br><br> R.E.G. PROPERTIES, LLC, a Missouri limited liability company, **Hold Service** <br><br> and <br><br> GEORGE FRANCIS, LLC d/b/a BISTRO AT THE SQUARE, a Missouri limited liability company, **Hold Service** <br><br> Defendants. | Case No. 4:17-cv-2203 |

## COMPLAINT

Come now plaintiffs, by and through their attorneys, and for their cause of action against

defendants state:

1. Jurisdiction of this cause of action and the parties to it is conferred upon this Court by Sections 502(e)(1) and (f) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§1132(e)(1) and (f) and by Section 4301 of the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. §1451.  Venue in this Court is appropriate by virtue of Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2) and Section 4301(d) of MPPAA, 29 U.S.C. §1451(d).

2. Plaintiff United Food and Commercial Workers Union Local 655 Food Employers Joint Pension Plan ("Pension Plan") is an employee benefit plan within the meaning of Sections 3(1), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §§1002(1), (3), 1132 and 1145.  The Pension Plan is administered from offices located within this judicial district.

3. Plaintiffs David Cook, Garry Torpea, Nancy Parker-Stettnisch, Levi Eddins, Don Schaper, David Bell, Nancy Meyer and Tracy A. McDonald are the duly designated and acting Trustees of the Pension Plan, and are fiduciaries within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002 (21) (A) and 1132.

4. Defendant Highland Diversified, Inc. d/b/a Queens Markets ("Queens") is a Missouri corporation which at all times relevant here has conducted business within this judicial district.  Defendant Queens is and was at all times material here an employer within the meaning of Sections 3(5) and 515 of ERISA, 29 U.S.C. §§1002(5) and 1145.

5. Defendant R.R. Queen Properties, LLC ("R.R.") is a Missouri limited liability company which at all times relevant here has conducted business within this judicial district.

2

Defendant R.R. is and was at all times material here an employer within the meaning of Sections 3(5) and 515 of ERISA, 29 U.S.C. §§1002(5) and 1145.

6. Defendant R.E.G. Properties, LLC ("R.E.G.") is a Missouri limited liability company which at all times relevant here has conducted business within this judicial district. Defendant R.E.G. is and was at all times material here an employer within the meaning of Sections 3(5) and 515 of ERISA, 29 U.S.C. §§1002(5) and 1145.

7. Defendant George Francis, LLC ("Francis") is a Missouri limited liability company which at all times relevant here has conducted business within this judicial district. Defendant Francis is and was at all times material here an employer within the meaning of Sections 3(5) and 515 of ERISA, 29 U.S.C. §§1002(5) and 1145.

8. Defendant Queens was party to collective bargaining agreements with United Food and Commercial Workers Union Local 655 which required contributions to the Pension Plan.

9. Pursuant to Section 4001(b)(1) of ERISA, 29 U.S.C. §1301(b)(1) and the regulations thereunder, defendants are under common control and are to be treated as a single employer for purposes of assessing withdrawal liability under MPPAA.

10. Defendants experienced a complete withdrawal from the Pension Plan during the plan year ending December 31, 2016.

11. The Pension Plan's actuarial consultants computed that defendants had withdrawal liability. Inititally, the withdrawal liability was estimated to be $1,950,171. Subsequently, the final liability was determined to be $1,951,283.

12. On June 24, 2016, the Pension Plan issued a withdrawal liability assessment to defendants. Pursuant to the assessment, defendants were required to either pay the assessed withdrawal liability of $1,950,171 in a lump sum or to begin making quarterly interim payments

of $20,311 on or before August 1, 2016. The assessment further noted that defendants had the right, within ninety (90) days, to request that the Pension Plan review its assessment. A copy of this June 24, 2016 assessment is attached hereto as Exhibit 1.

13. On September 8, 2016, the Pension Plan issued a supplemental assessment to defendants. Pursuant to this supplemental assessment, defendants were required to either pay the assessed withdrawal liability of $1,951,283 or to make quarterly interim payments of $20,311. The September 8, 2016 letter noted that, "the payment schedule remains unchanged from the payment schedule set forth in the June 24, 2016 assessment of withdrawal liability." A copy of this September 8, 2016 supplemental assessment is attached as Exhibit 2.

14. By letter dated September 21, 2016, defendants made a request for review of the withdrawal liability assessment.

15. By letter dated May 23, 2017, the Pension Plan denied defendants' September 21, 2016 request for review. The Pension Plan stated that upon review of defendants' assertions, there was no basis for modifying the withdrawal liability assessment.

16. MEPPA at 29 U.S.C. §1401(a)(1) provides that arbitration may be requested within 60 days of the earlier of the following dates: the date of the plan's response to the employer's request for review, or 120 days after the employer's request for review.

17. Since defendants' request for review was made on September 21, 2016, and denied by the Pension Plan on May 23, 2017, arbitration had to be requested by on or about March 21, 2017 (60 days from the 120 days following the September 21, 2016 request for review).

18. Defendants failed to request arbitration.

19. MEPPA at 29 U.S.C. §1401(b)(1) states:

> If no arbitration proceeding has been initiated pursuant to subsection (a) of this section, the amounts demanded by the plan sponsor under

4

>
> section 1399(b)(1) of this title shall be due and owing on the schedule set forth by the plan sponsor. The plan sponsor may bring an action in a State or Federal court of competent jurisdiction for collection.

20. Since defendants did not make a timely request for arbitration, the withdrawal liability assessment is now due.

21. MEPPA at 29 U.S.C. §1399(c)(5)(B) provides that in the event of a default, which includes events indicating a substantial likelihood that the employer will be unable to pay its withdrawal liability, a plan sponsor may require the immediate payment of the outstanding amount of an employer's withdrawal liability.

22. By letter dated May 23, 2017, the Pension Plan advised defendants' that, based on defendants' failure to make any of the quarterly withdrawal liability installment payments and defendants' representation that it was unable to pay the withdrawal liability, the Pension Plan was demanding payment of the entire assessment.

23. Defendants have failed to pay the assessed amount.

24. Pursuant to 29 U.S.C. §1132, defendants are liable for interest, 20% liquidated damages, and court costs and attorneys' fees.

WHEREFORE, plaintiffs pray this Court for judgment in their favor and against defendants, jointly and severally, for:

a) Withdrawal liability of $1,951.283;

b) 20% liquidated damages on this amount;

c) Interest on this amount;

d) An award of the Pension Plan's attorneys' fees and court costs;

e) Such other relief as the Court deems suitable.

Respectfully submitted,

HAMMOND AND SHINNERS, P.C.
7730 Carondelet, Suite 200
St. Louis, Missouri 63105
(314) 727-1015 (Telephone)
(314) 727-6804 (Facsimile)


/s/ Greg A. Campbell
GREG A. CAMPBELL, #35381
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

A copy of the foregoing has been served by certified mail, return receipt requested to the Secretary of Labor, United States Department of Labor, P. O. Box 1914, Washington, DC  20013 and to the Secretary of Treasury, United States Treasury, 15th and Pennsylvania Avenue, Washington, DC  20220, on this 3rd day of August, 2017.


/s/ Greg A. Campbell

6